OLIVER CAMP, APPELLANT, *v.* NATHAN P. CAMP AND OTHERS, RESPONDENTS.

*Advancements — when not to be deducted from a legacy to a child.*

A testator, by his will, directed his executor to sell all his estate, both real and personal, and divide the proceeds thereof equally among his ten children, naming them. Prior to his death, the testator had advanced various sums of money to several of his children, taking from them papers acknowledging the receipt of the different sums "as a part of my apportionment of his estate,' " to be deducted out of the estate of the said," etc.

*Held,* that as the will did not direct these advances to be charged against the several children, they were not to be considered in dividing the estate.

APPEAL from a decree of the surrogate of the county of Tioga, entered on the final settlement of the accounts of the executors of the estate of Sylvester Camp, deceased.

Sylvester Camp, at divers times during his lifetime, made advances, differing in amount, to his ten children, and at the time of making them took receipts for the amount advanced in one of the two following forms:

" Received, Campville, May 27, 1867, of Sylvester Camp, five hundred dollars, as a part of my apportionment, to be deducted out of the estate of the said Sylvester Camp.

                                        " OLIVER CAMP."

" Or received of Sylvester Camp five hundred dollars, as a part of my apportionment of his estate.

                                        " OLIVER CAMP."

By his will he directed his executors to sell all his estate, both real and personal, and divide the proceeds equally among his ten children, naming them.

The surrogate held that the advances made to each child should be deducted from his share under the will.

*Charles E. Parker*, for the appellant.

*George Sidney Camp*, for the respondents.

*Per Curiam:*

It is not disputed that, if the testator, by his will, had given specific legacies to his children, or had divided his property unequally among them, the prior advancements in question could not have been charged against their shares or legacies. The question is whether we have a right to assume, without any express statement to that effect in the will, that the testator intended that these advancements should be charged, *merely* from the fact that he divided his property equally. We think that we should not be justified in making this assumption.

If the deceased had made no will, then these advancements would have been charged to the respective parties. Why, then, did he make a will dividing his property equally, unless it were to prevent that very result ? He knew that he had made unequal advancements, and he had carefully taken receipts. Thus, he had provided that, if he should die intestate, these advancements would be charged to the parties on the distribution of his estate. But he was clearly at liberty to change his intention in that respect, if such had been his intention. And the way to effect such change was to make a will, dividing the property, of which he should be the owner at his death, equally among his children.

This he did.   If he had intended that the advancements should be charged against his children, he would have said this in his will.

Of course, we may conjecture that he desired an equal division, including the advancements.   And, on the other hand, we may conjecture that he desired an equal division, excluding the advancements.   The only safe course is to take what he said in his will as his meaning, and to make no conjectures whatever. He said that his property — that is, the property which he owned at his death — should be divided equally.

These advancements were no part of his property ; and, therefore, do not come into account in the division.

The decree of the surrogate must be modified in accordance with these views, and neither party should have costs of the appeal.

Present — LEARNED, P. J.;  BOARDMAN and FOLLETT, JJ.

Decree reversed and distribution to be made according to the terms of the will, without reference to the advancements.